FIRMAN K. MACK *et al.*

*v.*

ROSWELL D. BROWN.

73   295
184   587
73   295
205   ²82

1. SERVICE OF PROCESS. The return of a sheriff, showing that a summons in chancery was served by leaving a copy for the defendant at his usual place of abode, but which fails to show that the person with whom it was left, was a member of the family, and that such person was informed of the contents of the copy, is insufficient.

2. REVERSAL. A joint decree, when void as to one defendant, will be reversed *in toto.*

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Mr. GEORGE S. HOUSE, and Messrs. GOODSPEED & SNAPP, for plaintiffs in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The return of the sheriff, showing service on Firman K. Mack, one of the minor defendants, is in these words: "And on Firman K. Mack, by leaving a true copy thereof for him with Adelia Mack, at his usual place of abode, she being a white person, over ten years of age, the 20th of September, 1872." This was insufficient to give the court jurisdiction to render any decree affecting his interests, because the return fails to show that Adelia Mack, with whom the copy of the summons was left, was a person of the family, and that she was informed of the contents of the copy, as required by the statute. 1 Gross, 70, sec. 7.

The decree was, therefore, void as against Firman K. Mack, and being a joint decree against all the defendants, must be reversed *in toto. Montgomery* v. *Brown et al.* 2 Gilm. 581; *Tompkins* v. *Wiltberger,* 56 Ill. 385.

The decree is reversed and the cause remanded.

*Decree reversed.*